DANIEL T. DORIA, Pro Se
8365 S. Hwy 89 Spc. 19
Kirkland, AZ 86332
Telephone: 702.279.5326
E-MAIL: danieldoria105@yahoo.com

IN THE UNITED STATES DISTRICT

DISTRICT OF ARIZONA

| | |
|---|---|
| DANIEL T. DORIA, *an individual*<br>            Plaintiff,<br>                    v.<br>YELP INC.,<br>            Defendant | CASE NO. 3:23-CV-08112-SMB<br><br>**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |

DANIEL T DORIA
989 S Main Ste Ste A
PMB 407
Cottonwood, AZ, 86326
702.279.5326

**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**         i.         Case No. 3:23-CV-08112-SMB

## SUMMARY OF ARGUMENT

In March and April of 2022, I reported to Yelp leadership, per it's code of conduct, that the sales model it was operating through it's telesales model was systematically and organizationally, fraudulent. This fact was acknowledged as truth by Sales Manager Adam Kelley. This will be revealed as fact through discovery. This court has a duty to assume all factual allegations in the complaint to be true, for the purpose of deciding Defendant's 12(b)(6) motion.

Per company policy, I reported the fraud to leadership. The fraud was acknowledged, and no changes were made. Later in April of 2022, another fraud was discovered when attempting to utilize Yelp's purported 'tuition reimbursement program'. Specifically it was discovered that Yelp's tuition reimbursement program specifically excludes reimbursement for academic tuition. Per Yelp's code of conduct, this fraud was reported to leadership.

In response to this report, Yelp's senior leadership team called a two on one Zoom meeting, wherein they threatened to terminate me from the company if I continued to pursue my concerns about the company's fraudulent models. These threats caused a medically verifiable paranoid episode due to a medical condition that I have treated for over twenty years. After acknowledging that I was unable to focus on my company tasks, I requested leave from the company to tend to my medical needs without the burden of company duties.

Yelp referred me to a third party company, Lincoln Financial Group, which gathered medical documentation, and approved the short term disability claim. Approximately ten days following the request for leave, Yelp sales leadership retroactively denied the disability claim based on their own non-medical conclusion, and I returned to work.

On June 10, 2022, I was called into another meeting with Yelp

DANIEL T DORIA
989 S Main Ste Ste A
PMB 407
Cottonwood, AZ,86326
702.279.5326

RESPONSE IN OPPOSITION TO                      1                    Case No. 3:23-CV-08112-SMB
DEFENDANT'S MOTION TO DISMISS

leadership, wherein I was informed that Yelp would be terminating me from the company. In the meeting, Courtney Haynes and Nina Scalzo, HR Manager and Sales VP for Yelp, informed me that as a part of my separation from the company, I would be provided four weeks of additional pay. There was no agreement made to waive any rights in exchange for this additional labor payment.

Shortly after the meeting, I received documentation from Yelp stating that to receive the labor payment Yelp had already committed to and thereby owed, I would have to sign away my rights to a claim the company had good cause to believe I would later bring. I explained to Yelp that I would not waive my rights, and that the money became owed as labor when it agreed to give it to me without conditions in the prior meeting. I signed the document 'in protest', knowing that it is illegal to extort a waiver of rights in exchange for labor already owed.

# BACKGROUND

## I. Statutory and Regulatory Background

### A. EEOC's Sides With Plaintiff on Severance Agreements and Release of Claims

"The EEOC defines a severance agreement as a contract, or legal agreement, between an employer and an employee that specifies the terms of an employee terminations, such as a layoff. The consideration offered for the waiver of the right to sue cannot simply be a pension benefit or payment for earned vacation or sick leave to which the employee is already entitled but, rather, must be something of value in addition to any of the employee's existing entitlements."

**Title VII, ADEA, 29 CFR Part 1601, 29 CFR 1625, 29 CFR Part 1626** In the case of the final meeting with Yelp, the four additional weeks of labor payment was offered without condition, causing those funds to immediately becoming labor or an entitlement owed, without waiver.

DANIEL T DORIA
989 S Main Ste Ste A
PMB 407
Cottonwood, AZ, 86326
702.279.5326

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS                    2                    Case No. 3:23-CV-08112-SMB

## II. JURISDICTION

### A. Personal Jurisdiction, Federal Question Jurisdiction, and Diversity Jurisdiction

28 U.S.C. § 1332 grants federal jurisdiction in all civil ,ctions between citizen of different states and between a citizen of a state and a subject of a foreign state if the amount in controversy exceeds $75,000. In this case, I the Plaintiff am a citizen of The State of Arizona, and Yelp Inc. the Defendant, is a citizen of The State of California. Yelp being a citizen based in California and operating in Arizona, grants this court personal jurisdiction over Yelp as a defendant. Yelp being a citizen based in California and I being a citizen based in Arizona, grants this court diversity jurisdiction. I the defendant, raising a federal question governed by the U.S. constitution grants this court federal question jurisdiction.

## III. STATUTE OF LIMITATIONS

### A. EEOC And AZAG Cooperate

While the Defendant is correct that the EEOC issued its own Right to Sue letter in February of 2023, this boilerplate action when transferring claims to the AZAG for further investigation, does not void the AZAG's Letter of Right to Sue of its power, which the AZAG exercised on June 7, 2023, with the appropriate complaint being filed within a week. It is common for the EEOC to partner with the State's Attorney General when such a department exists for it to lighten the investigative burden of the EEOC, which it did in this matter, and these actions should not be used or misconstrued by this court so as to void the AZAG of its power to grant a right to sue on June 7, 2023.

DANIEL T DORIA
989 S Main Ste Ste A
PMB 407
Cottonwood, AZ,86326
702.279.5326

RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS    3    Case No. 3:23-CV-08112-SMB

# IV. Defendant Failed to Meet and Confer In Good Faith

### A. Arizona District Court Local Rule 12.1(c) Required Defendant to Meet and Confer and Defendant Failed To

Arizona's District Court Local Rule 12.1(c) requires that prior to filing a 12(b)(6) motion, a defendant attempt in good faith to meet and confer. While the Defendant took actions to give the appearance of meet and confer efforts, it in fact did not honor rule 12.1(c). Specifically, rather than meet and confer in good faith regarding concerns it may have had about the Complaint, it sent repeated boilerplate emails with the same boilerplate language that it has included in its 12(b)(6) motion. While meaningful meet and confer efforts may have been fruitful, I was left with no choice but to try to interpret meaning from Defendant's boilerplate language, and even twice filed amended complaints, granting Defendant additional basis for the complaint, as well as time to meet and confer. Rather than do this, again, the Defendant seemingly copy and pasted its previous communications, providing no detailed information relating to deficiencies it felt may be contained in the Complaint, First Amended Complaint, or Second Amended Complaint. Rule 12.1(c) reads "No motion to dismiss for failure to state a claim or counterclaim, pursuant to Federal Rule of Civil Procedure 12(b)(6), or motion for judgment on the pleadings on a claim or counterclaim, pursuant to Federal Rule of Civil Procedure 12(c), will be considered or decided unless the moving party includes a certification that, before filing the motion, the movant notified the opposing party of the issues asserted in the motion and the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party." This court must not grant Defendant's motion to dismiss because it has failed to honor this rule of procedure.

DANIEL T DORIA
989 S Main Ste Ste A
PMB 407
Cottonwood, AZ, 86326
702.279.5326

RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS

4

Case No. 3:23-CV-08112-SMB

DATED: September 2, 2023    Respectfully submitted,

/s/ *[signature]*

Daniel Thomas Doria, Pro Se
*an individual*
702-279-5326(telephone)
989 S. Main St. Ste A PMB407
Cottonwood, AZ, 86326

DANIEL T DORIA
989 S Main Ste Ste A
PMB 407
Cottonwood, AZ,86326
702.279.5326

RESPONSE IN OPPOSITION TO   5   Case No. 3:23-CV-08112-SMB
DEFENDANT'S MOTION TO DISMISS