DANIEL T. DORIA, Pro Se
989 S. Main St. Ste. A PMB 407
Kirkland, AZ 86332
Telephone: 702.279.5326
E-MAIL: danieldoria105@yahoo.com

IN THE UNITED STATES DISTRICT

DISTRICT OF ARIZONA

| | |
|---|---|
| DANIEL T. DORIA, *an individual* <br>         Plaintiff, <br>         v. <br> YELP INC., <br>         Defendant | CASE NO. 3:23-CV-08112-SMB <br><br> **RESPONSE TO DEFENDANT'S REPLY [DOC. 18]** |

DANIEL T DORIA
989 S Main Ste Ste A
PMB 407
Cottonwood, AZ, 86326
702.279.5326

RESPONSE TO DEFENDANT'S REPLY [DOC. 18]   i.   Case No. 3:23-CV-08112-SMB

**TO THE COURTS ALL PARTIES AND THEIR COUNSEL,**

This document specifically addresses the points raised in Defendant's response filed September 11, 2023 [DOC. 18].

First, Defendant claims that this case 'begins and ends' with my decision to sign a document waiving rights. That is incorrect. This case begins and ends, generally speaking, when the court says it does and according to the law. An individual being extorted into signing a document that results in the payment of labor already owed does not signify a genuine lack or waiver of rights. The Plaintiff has raised no supporting law that permits an employer to extort a waiver of claims in exchange for labor already owed and instead attempts to rely on claims that Ms. Scalzo and Ms. Haynes offered the labor payment with conditions, but it cannot do this.

If the Plaintiff wishes to rely on claims made by Ms. Scalzo and Ms. Haynes that they offered the final payment based on conditions later levied, then the Plaintiff must provide signed and notarized declarations signed under oath, by Ms. Haynes and Ms. Scalzo. However, they will not do this, as we have discussed, because they know now that I recorded our conversation regarding the final labor payment owed. There is no legal basis for allowing an employer to extort a waiver of claims in exchange for labor already owed, period.

While immaterial, I will address Yelp's claim that I was paid for six weeks of labor, not four. That is incorrect. When Yelp cites the weekly multiple, they failed to calculate wages owed and paid, as is becoming a theme, in the form of sales commission. It is well established that in the eyes of the Federal Courts and Federal Laws, sales commissions are a portion of one's hourly rate when calculating wages owed and paid.

DANIEL T DORIA
989 S Main Ste Ste A
PMB 407
Cottonwood, AZ, 86326
702.279.5326

RESPONSE TO DEFENDANT'S REPLY      1      Case No. 3:23-CV-08112-SMB
[DOC. 18]

Next, I will address Yelp's false claim that my argument hinges on a 'lack of consideration' basis. Put simply, there is no language in any documents I have provided to the court that indicates the extorted waiver Yelp attempts to enforce is invalid due to lack of consideration.

As Yelp indicated, we entered an employment agreement on January 10, 2022. That employment agreement included paying wages agreed to when they are owed. Later, Yelp agreed I was owed an additional four or six weeks of wages, however, the court calculates it, and without conditions. Later still, Yelp attempted to extort a waiver for those wages, as it has admitted, knowing and anticipating my intent to bring a claim for Yelp's legal violations.

Further, as Yelp falsely indicates, there is no language that I intend to rely on the language "in protest" as voiding the waiver. The waiver was void the moment it was gathered through extortion, regardless of how it was signed. Instead, I am simply informing the court that, which it may already be aware, I wrote the phrase "in protest" on the document well aware that Yelp was attempting to extort my waiver without the legal right to do so. To be clear, if the final calculation paid to me had been for anything other than wages owed, Yelp might have been within its rights to do something that smacked of extortion in exchange for a waiver, but again, it is well established that an employer cannot legally extort a waiver in exchange for wages already owed.

Regarding the Defendant's claim that the ADA claims are time-barred, I do not believe that is the case or that the EEOC intended me to bring an ADA claim separate from an ACRD claim after it was done utilizing the state agency to complete its investigation. If that were the case, there would be a federal case open a state court case open, in addition to the labor claim already open, all riding on virtually the same set of facts. To imply that was the EEOC's intent is to imply that it intends to waste, not save, judicial resources and to confuse an individual's rights rather than to make them clear through its communications.

DANIEL T DORIA
989 S Main Ste Ste A
PMB 407
Cottonwood, AZ,86326
702.279.5326

RESPONSE TO DEFENDANT'S REPLY [DOC. 18]     2     Case No. 3:23-CV-08112-SMB

Lastly, Defendant simply did not meet and confer in good faith. While I understand that litigating with a lay person can be frustrating due to the lay person's lack of knowledge or wisdom as to court procedure, copy and pasting boilerplate objections to a pleading does not constitute meeting and conferring in good faith. In fact, I contacted Defendant's counsel via telephone, in fear that the vague objections were perhaps losing something in remote translation, and counsel politely, but quickly, ended the call with no substantive information being exchange. Counsel proceeded to copy and paste the boilerplate objections in response to each document filed, following the original complaint only to rely on this court to do the lionshare of the work that the meet and confer rule required it do beforehand.

For these reasons, the court should allow all claims not barred by statute of limitations, to proceed to trial.

DATED: September 11, 2023                                          Respectfully submitted,

/s/ [signature]
Daniel Thomas Doria, Pro Se
*an individual*
702-279-5326(telephone)
989 S. Main St. Ste A PMB407
Cottonwood, AZ, 86326

DANIEL T DORIA
989 S Main Ste Ste A
PMB 407
Cottonwood, AZ,86326
702.279.5326

RESPONSE TO DEFENDANT'S REPLY [DOC. 18]         3         Case No. 3:23-CV-08112-SMB